IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-CR-00047-KDB-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARRY JOSEPH PHIPPS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for immediate recalculation of his sentence to factor the calculation of good-time credit in the First Step Act of 2018 (FSA). (Doc. No. 143).

The FSA amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. However, it is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for immediate recalculation, (Doc. No. 143), is **DENIED**.

---

[1] The defendant is serving his sentence at FMI-Butner in Butner, North Carolina. (Doc. No. 143: Motion at 3).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge